Gonzalez-Aucay v. Barr

BIA
Straus, IJ
A208 538 178

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    SUSAN L. CARNEY,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

HENRY VINICIO GONZALEZ-AUCAY,
        *Petitioner,*

        v.                                          18-3125
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Gregory Osakwe, Esq., Hartford,
                           CT.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; Derek C. Julius,

Assistant Director; Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Henry Vinicio Gonzalez-Aucay, a native and citizen of Ecuador, seeks review of a 2018 decision of the BIA affirming a 2017 decision of an Immigration Judge ("IJ") denying Gonzalez-Aucay's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Henry Vinicio Gonzalez-Aucay,* No. A 208 538 178 (B.I.A. Sept. 24, 2018), *aff'g* No. A 208 538 178 (Immig. Ct. Hartford Sept. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec., Immigration & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

As the agency reasonably found, Gonzalez-Aucay's descriptions of the relevant events were inconsistent in multiple ways. His application described three different encounters with government officials or police officers, but the statements he made about them at his hearing conflicted

3

with his application's description. First, as to the dates of the incidents, his testimony was inconsistent with his application regarding whether approximately one month elapsed between the first and second encounters or only a few days to a week. His testimony was internally inconsistent and also inconsistent with his application regarding the length of time that passed between the second and third incidents. Second, Gonzalez-Aucay's application and testimony were inconsistent regarding whether he was beaten during the second incident or the third. Third, his application and testimony were inconsistent as to whether he was pulled over by individuals traveling in a police car or on foot and whether police officers participated in beating him. Fourth, his testimony, statements made by him during his credible fear interview, and statements made in his application were inconsistent regarding whether police officers tried to shoot him. Although Gonzalez-Aucay blamed these inconsistencies on mere memory lapses caused by the passage of time, the IJ was not required to accept the explanation because it did not resolve the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than

4

offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted) (emphasis in original)).

All of the inconsistencies relied on by the IJ and discussed above relate to the three alleged incidents of past persecution, and provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum" can provide substantial evidence for an adverse credibility ruling (quoting *Majidi*, 430 F.3d at 81)). Because Gonzalez-Aucay's persecution claims all rested on the same factual predicate, the IJ's adverse credibility determination is dispositive of his requests for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Having arrived at this conclusion, we do not consider the agency's alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As

5

a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6